UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFERY RICHARDSON and COLBY RICHARDSON,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF NEW JERSEY, JAMEL SEMPER, and NICHOLAS ORIOLO,<br><br>Defendants. | Civ. No. 16-135 (KM)<br><br>OPINION |

### MCNULTY, U.S.D.J.:

The plaintiffs, Jeffery Richardson and Colby Richardson, have filed a complaint under 42 U.S.C. § 1983 alleging violations of their constitutional rights in connection with their arrest and prosecution in connection with the December 15, 2013 shooting death of Naeem Williams. Defendants are the State of New Jersey, Essex County Assistant Prosecutor Jamel Semper, and DSG Nicholas Oriolo, a New Jersey State Police Detective assigned to the Essex County Prosecutor's Office Homicide Task Force. Now before the Court is defendants' motion to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative to stay this action pending the outcome of the State criminal proceedings against Jeffery Richardson and Colby Richardson. For the reasons stated herein, I will grant the motion to stay this action; administratively terminate the motions to dismiss the damages claims without prejudice to renewal after the expiration of the stay; and grant the motion to dismiss the injunctive claims on grounds of *Younger* abstention.

**The Complaint**

The allegations of the complaint (ECF no. 1) are assumed to be true for purposes of this motion only. I summarize them as follows.

The complaint alleges that on December 15, 2013, there was a shooting at Elizabeth and Clinton Avenues in Newark. There was a surveillance video, which DSG Oriolo obtained and reviewed. Oriolo obtained two witness statements, which are alleged to have contradicted the surveillance video, though the nature of the inconsistency is not entirely clear.

Oriolo used the witness statements in preparing the criminal complaint and obtaining arrest warrants. On February 10, 2014, the plaintiffs were arrested.

On June 6, 2014, AP Semper and DSG Oriolo combined to use the allegedly false statements of the two witnesses and Oriolo's own allegedly false testimony to obtain a grand jury indictment. The complaint alleges that they selectively excerpted witness statements, and did not show the surveillance video to the grand jury. Many of the plaintiffs' objections seem to revolve around the witnesses' opportunity to observe, and whether the video would have placed them on the scene. The upshot is that the grand jury allegedly was given a misleading picture of the evidence. Plaintiffs state that they have moved in state court to dismiss the indictment. (Cplt. ¶ 5)

The complaint cites 42 U.S.C. § 1983, as well as the State Constitution, and claims "unlawful arrest, imprisonment, and prosecution of the Plaintiffs." (Cplt. ¶ 4) I interpret it as asserting theories of false arrest and malicious prosecution.

The complaint seeks damages in a total amount of $18 million, and also seeks to enjoin the state prosecution.

**Discussion**

    **A.    Motion to Stay**

There are many difficulties inherent in maintaining a federal action for damages based on the State's conduct of a criminal case that is ongoing. The facts are not known completely; the outcome of the state criminal case is not

known at all. The validity of the arrest or other seizures is likely to be litigated in the state court. One of the causes of action, malicious prosecution, by definition does not ripen unless and until the plaintiffs prevail in their state criminal case. In any event, the federal case has a great potential for disruption of the criminal proceedings. Under the circumstances, I have determined that the claims for damages should await the final outcome of the state criminal case. (I discuss the equitable claims separately in the following section.)

The seminal case on staying civil litigation in favor of a criminal case is *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (granting a stay of civil case where parallel criminal proceedings are pending). *Walsh* started from the premise that "[a] court has discretion to stay a case if the interests of justice require it." *Id.* at 526 (citing *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970). To guide the court in determining whether to exercise that discretion to grant a stay, *Walsh* identified six factors:

1) the extent to which the issues in the criminal and civil cases overlap;

2) the status of the case, including whether the defendants have been indicted;

3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay;

4) the private interests of and burden on defendants;

5) the interests of the court; and

6) the public interest.

*Walsh*, 7 F. Supp. 2d at 526. I consider them in turn.

First, there is very substantial overlap between the facts underlying this civil case and the state criminal case. Plaintiffs' claims here and the criminal case both arise from the same arrest and prosecution for the December 15, 2013 shooting death of Naeem Williams. Plaintiffs allege that the evidence, viewed fairly, did not truly support their arrest or indictment; they accuse the prosecutor, Jamel Semper, and the investigating officer, DSG Nicholas Oriolo,

of unconstitutionally manipulating that evidence. The complaint relates that these plaintiffs have moved to dismiss their indictment in the state court.

Second, the plaintiffs have both been indicted. Criminal proceedings are not a mere potentiality, but are pending and ongoing. The potential for disruption is at a maximum.

Third, the balance between plaintiffs' interest in proceeding and the prejudice from delay does not counsel against a stay. The chief events at issue took place in the period December 2014–June 2015, less than two years ago. There is no reason to think evidence has been lost; indeed the state criminal proceedings will tend to sift and preserve that evidence. These are claims for retrospective relief, *i.e.*, damages; they will keep, and this federal filing should be sufficient to stop the running of the statute of limitations.

Fourth, the interests of defendants point to a stay. Both parties should have the fullest access to evidence, and that evidence will be developed (and turned over in discovery) in the state proceeding. The court on the front line of policing the constitutionality of the gathering and presentation of that evidence is the state court in which the criminal proceeding is pending. Federal court litigation has a great potential for disrupting the state case. Prosecutors and police officers, like defendants here, must of course be held accountable for alleged constitutional violations. Nevertheless, the vigorous enforcement of the criminal law would be undermined if, *while* prosecuting a criminal case, they are watching their backs with an eye to the defense of civil damages claims.

Fifth and sixth, I consider the interests of the court and the public interest.

To press federal proceedings now could result in waste and futility. There is a strong, nearly conclusive presumption that inconsistent results are to be avoided in this area. *See generally Heck v. Humphrey*, 512 U.S. 477, 484, 114 S. Ct. 2364 (1994) (court must avoid "the creation of two conflicting resolutions arising out of the same or identical transaction").

For this reason, among others, a claim of malicious prosecution does not even ripen unless and until the criminal proceedings conclude in plaintiffs'

favor. Favorable termination is an essential element of such a claim. *See, e.g., Kossler v. Cristani*, 564 F.3d 181, 187 (3d Cir. 2009) ("[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element" of a malicious prosecution claim).[1] There has been no favorable termination of the state criminal proceedings here. The malicious prosecution claim has not yet even accrued. It would be pointless to litigate it at this time.

Plaintiffs point out, correctly, that a false arrest claim (or a closely related false imprisonment claim) does not have favorable termination as an element.[2] Such a claim may sometimes be maintained absent a favorable termination provided that, in the particular circumstances, it is independent of the merits of the criminal case. For example, a person might be seized without probable cause, and yet be validly convicted later on. *See, e.g., Mosby v. O'Brie*, 532 F. App'x 84, 86 (3d Cir. 2013) ("[A] false arrest or false imprisonment claim may be maintained without showing a favorable determination, but only if it does not 'necessarily implicate the validity of a conviction or sentence.'") (quoting

---

[1] Favorable termination, in this context, means:
  (a) a discharge by a magistrate at a preliminary hearing, or
  (b) the refusal of a grand jury to indict, or
  (c) the formal abandonment of the proceedings by the public prosecutor, or
  (d) the quashing of an indictment or information, or
  (e) an acquittal, or
  (f) a final order in favor of the accused by a trial or appellate court.

*Kossler*, 564 F.3d at 187.

[2] "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir.1988)). Closely related is the tort of false imprisonment, which may cover the arrestee's subsequent detention. "[W]here an individual was arrested without probable cause, he 'has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest.'" *Simpson v. Owner of Dollar Tree Store*, No. 09-6162, 2010 WL 3364200, at *6 (E.D. Pa. Aug. 23, 2010) (quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (citing *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988))).

*Montgomery v. De Simone,* 159 F.3d 120, 126 n.5 (3d Cir. 1998)) (additional citation omitted). Plaintiffs' papers also show a proper regard for the two-year statute of limitations, which, for a false arrest claim, would generally begin running at the time of arrest. *Torres v. McLaughlin,* 163 F.3d 169, 176 (3d Cir. 1998); *Love v. Schockley,* No. 14-7681, 2015 WL 71162, at *2 (D.N.J. Jan. 6, 2015). So clearly there is nothing wrong with plaintiffs' having filed their false arrest claim now. *See Jordan v. Edison City Police Dep't,* No. CIV.A. 08-5855DRD, 2009 WL 564229, at *6 (D.N.J. Mar. 5, 2009) (Debevoise, J.) (Because it accrues immediately, "any Fourth Amendment claim must be brought and, in all likelihood, stayed pending resolution of the underlying charges").

Nevertheless, the false arrest claim is intertwined with the merits of the malicious prosecution claim. Both are alleged to revolve around the accounts of the two witnesses. And it would be wasteful to litigate the false arrest claim, only to find later that a closely related malicious prosecution claims has accrued and must also be litigated.

Applying similar reasoning, courts have often stayed, or approved the stay of, section 1983 claims for damages pending the outcome of criminal proceedings. *See Linnen v. Armainis,* 991 F.2d 1102 (3d Cir. 1993) (in § 1983 action based on State's allegedly unconstitutional search and seizure of property, directing a stay and noting a "preference for holding federal civil rights claims in abeyance until state appellate proceedings that may affect the outcome of the federal action are decided"); *Herrera v. City of New Brunswick,* Civ. No. 04-3002, 2008 WL 305275, at *9 (D.N.J. Feb. 1, 2008)(staying § 1983 malicious prosecution claim pending the outcome of defendant's appeal of her conviction); *Telfair v. Tandy,* Civ. No. 08-731 (WJM), 2008 WL 4661697 (D.N.J. October 20, 2008) (*inter alia,* staying claim of false arrest and dismissing malicious prosecution claim without prejudice pending outcome of state criminal proceedings).

I do likewise. Defendants' motion to stay the damages claims in this action pending the final outcome of the State criminal case against Jeffery Richardson and Colby Richardson is granted. Defendants' motion to dismiss those claims for failure to state a claim are administratively terminated, without prejudice to renewal as appropriate after the stay expires.

## B. Injunctive Relief

Defendants read the complaint as requesting an injunction against the continuation of the State prosecution of Jeffery Richardson and Colby Richardson. Plaintiffs' responding papers seem to acknowledge that this was intended.[3] Based on the *Younger* abstention doctrine, I will dismiss the claim for injunctive relief.[4]

The federalism-based abstention doctrine stated in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971), is based on

> a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances. The policies underlying *Younger* abstention have been frequently reiterated by this Court. The notion of "comity" includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.*, at 44, 91 S.Ct., at 750. Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights.

*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S. Ct. 2515, 2521 (1982) (footnote omitted).

---

[3] See Pl. Brf. Point V, which argues that *Younger* abstention does not apply and that the state criminal proceedings should be dismissed by this court.

[4] Strictly speaking, *Younger* abstention is not analyzed under either Rule 12(b)(1) or 12(b)(6). A *Younger* motion to dismiss is "in the nature of" a 12(b)(6) motion in that it is based on the face of the pleadings. *Gwynedd Properties, Inc. v. Lower Gwynedd Twp*, 970 F.2d 1195, 1206 n.18 (3d Cir. 1992); *see also Dutton v. Court of Common Pleas of Philadelphia Domestic Relations Div.*, 215 F. App'x 161, 162 (3d Cir. 2007) (treating *Younger* abstention separately from a 12(b)(6) motion)).

As a result, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger*, 401 U.S. at 45, 91 S. Ct. at 751. Abstention is appropriate if there is (1) an ongoing or pending state or administrative judicial proceeding (2) implicating important state interests (3) in which the plaintiff has an adequate opportunity to raise the issues he seeks to litigate in federal court. *See Middlesex Cnty. Ethics Comm.*, 457 U.S. at 431, 102 S. Ct. at 2521. I consider those three factors.

First, the state criminal proceedings are ongoing.

Second, a state criminal case is the quintessential example of a proceeding that implicates important state interests. In recent years, the U.S. Supreme Court has reemphasized the origins of *Younger* as a doctrine prohibiting interference with state criminal or quasi-criminal proceedings. *See Gonzalez v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 181 (3d Cir. 2014)*id.* at 181 (citing *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013)). *See also Cade v. Newman,* 422 F. Supp. 2d 463, 467 (D.N.J. 2006) ("The adjudication of Plaintiff's constitutional claims in this instant civil right action would require this Court to rule upon issues relevant to the disposition of the state criminal charges, thereby impermissibly interfering in the pending state criminal proceeding.").[5]

Third, the State courts afford an adequate opportunity for the plaintiffs to raise their claims that the evidence was compromised or misleadingly presented. Plaintiffs reply that *Younger* does not apply because their claims of misconduct before the grand jury are of constitutional dimension, and because those claims "are not in review in the State Court." The state courts are well equipped, however, to handle constitutional claims involving lack of probable

---

[5] The *Younger* doctrine applies "in only three 'exceptional' classes of cases: (1) 'state criminal prosecutions,' (2) 'civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *See Gonzalez v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 180 (3d Cir. 2014) (citing *Sprint*, 134 S. Ct. at 591).

cause or misconduct in the presentation of evidence. Such contentions are routinely handled in connection with motions to suppress, motions to dismiss indictments, or indeed as substantive defenses to criminal charges at trial. The state appellate courts exist to correct any erroneous rulings. Plaintiffs' rather generic contentions that the state proceedings are not fair to them fail to convince me that this court's extraordinary intervention by way of injunction would be warranted.[6]

In so holding, I follow the lead of a large body of case law, much of it not controversial enough to require a reported opinion. Representative examples include *Younger* itself (reversing federal court injunction against pending state criminal proceeding based on unconstitutional state anti-syndicalism statute); *Hessein v. Union Cty. Prosecutors Office*, 569 F. App'x 99, 102 (3d Cir. 2014) ("First, Hessein has requested an order enjoining his state criminal action, which is the paradigmatic situation calling for *Younger* abstention. ... Likewise, it was proper for the District Court to refuse to enter an order concerning '[t]he propriety of arrests and the admissibility of evidence' in the state criminal

---

[6] "[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute 'irreparable injury' in the 'special legal sense of that term,' (Younger v. Harris, 401 U.S.) at 46, 91 S.Ct., at 751." *Trainor v. Hernandez*, 431 U.S. 434, 443, 97 S. Ct. 1911, 1917 (1977). Plaintiffs have neither alleged nor demonstrated the kind of ongoing, bad faith harassment that might support a very narrow exception to the *Younger* prohibition:

> Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, 91 S.Ct. 746, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, 91 S.Ct. 746, or where there is a showing of "bad faith, harassment, or ... other unusual circumstances that would call for equitable relief." *Id.* at 54, 91 S.Ct. 746. These exceptions are to be narrowly construed. See *Loftus v. Township of Lawrence Park*, 764 F.Supp. 354, 357 (W.D. Pa.1991). Thus, "only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction ... is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971).

*Cade v. Newman*, 422 F. Supp. 2d 463, 466 (D.N.J. 2006).

proceedings."); *Duran v. Weeks*, 399 F. App'x 756, 758–59 (3d Cir. 2010) ("Duran is free to move in state court for dismissal of the charges against him on Sixth Amendment grounds. Likewise, if Duran believes that the prosecutor is withholding evidence, he can address that matter before the state Court....Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for *Younger* abstention...."); *Cade v. Newman,* 422 F. Supp. 2d at 467 (applying *Younger* abstention to federal claims that plaintiff was illegally arrested, improperly questioned, and prosecuted pursuant to a deficient criminal complaint).

Defendants' motion to dismiss Plaintiffs' claims, to the extent they seek injunctive relief, is therefore granted on grounds of *Younger* abstention.

## CONCLUSION

For the foregoing reasons, I will grant the motion to stay this action pending the outcome of parallel state criminal proceedings; I will administratively terminate the motion to dismiss the damages claims, without prejudice to renewal after the expiration of the stay; and I will grant the motion to dismiss the injunctive claims on grounds of *Younger* abstention.

Dated: October 5, 2016

_____
HON. KEVIN MCNULTY, U.S.D.J.